# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dell Rainbow Vanderschuit,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-15-00915-PHX-JAT (BSB)<br><br>**REPORT AND RECOMMENDATION** |

On January 26, 2015, Petitioner Dell Rainbow Vanderschuit filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court directed Respondents to answer the Petition and subsequently extended the answer deadline to December 7, 2015. (Doc. 8.) On December 3, 2015, Respondents filed a motion for clarification and to stay the answer deadline. (Doc. 19.) Respondents ask the Court to order Petitioner to clarify whether (1) he wants to delete his unexhausted claim, Ground Five, from his petition, or (2) to pursue habeas corpus relief on all seven grounds in the petition and ask the Court to stay the § 2254 proceeding and hold the petition in abeyance while he exhausts Ground Five. (*Id.* at 11.) Respondents also ask the Court to stay the answer deadline. (*Id*.) Petitioner has responded to Respondents' motion and requests that the Court stay the proceeding. (Doc. 20.) Therefore, Respondents' motion for clarification is moot. As set forth below, the Court recommends that this matter be stayed while Petitioner exhausts Ground Five and that the answer deadline be stayed.

## I. Factual and Procedural Background

### A. Charges, Trial, and Sentencing

On December 19, 2008, Petitioner was indicted on one count of attempted child prostitution, a class three felony and dangerous crime against children. (Doc. 19, Ex. A.) A jury found Petitioner guilty as charged, and the trial court sentenced Petitioner to the presumptive term of ten years' imprisonment. (Doc. 19, Ex. B.)

### B. Direct Appeal

On November 2, 2009, Petitioner's counsel filed a notice of appeal. (Doc. 19, Ex. S at 1.) Appellate counsel filed an opening brief arguing that the trial court erred by denying Petitioner's motion for a mistrial based on the jury's alleged consideration of extrinsic evidence during deliberations. (Doc. 19, Ex. C at 8.) On July 21, 2011, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence. (Doc. 19, Ex. C.) Petitioner filed a motion for reconsideration, which the appellate court denied. (*Id.* at 1.) Petitioner also filed a petition for review with the Arizona Supreme Court, which was denied on January 4, 2012. (*Id.*)

### C. First Post-Conviction Proceeding

While his direct appeal was pending, on November 14, 2011, Petitioner filed a notice of post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 19, Ex. D.) The trial court appointed counsel, who subsequently filed a notice stating he had identified no claims for post-conviction review, and requested an extension of time for Petitioner to file a pro se petition. (Doc. 19, Exs. E, F.) Petitioner filed a pro per petition asserting that: (1) the jury wrongly convicted him for conduct not prohibited by statute; (2) insufficient evidence supported his conviction; (3) the trial court erred by instructing the jury on a nonexistent theory of criminal liability; and (4) appellate counsel was ineffective for failing to argue that the jury convicted Petitioner of conduct not prohibited by statute and that the evidence was insufficient to support his conviction. (Doc. 19, Exs. H, M at 2.) On February 7, 2013, the trial court dismissed the petition for failure to state a colorable claim. (Doc. 19, Ex. K.)

Petitioner filed a petition for review with the Arizona Court of Appeals. (Doc. 19, Ex. L.) On September 18, 2014, the appellate court granted review but denied relief, finding that Petitioner's claims lacked merit. (Doc. 19, Ex. M.) Petitioner did not file a petition for review with the Arizona Supreme Court. (*Id.*) On November 5, 2014, the appellate court issued the mandate. (*Id.*)

### D. Second Post-Conviction Proceeding

In October 2013, Petitioner initiated a second post-conviction proceeding. (Doc. 19, Ex. N.) In his petition, Petitioner asserted that he was wrongly convicted of, and sentenced for, a dangerous crime against children. (*Id.* at 4-6.) On November 14, 2013, the trial court dismissed the petition concluding that it was untimely and failed to state a colorable claim for which relief could be granted in an untimely post-conviction petition. (Doc. 19, Ex. O.) Petitioner filed a motion for rehearing with the trial court. (Doc. 19, Ex. P.) On February 5, 2014, the trial court affirmed its ruling. (Doc. 19, Ex. Q.) On February 21, 2014, Petitioner filed a petition for review with the Arizona Court of Appeals. (Doc. 19, Ex. R.) That appeal is currently pending. (Doc. 19, Ex. U.)

### E. Federal Petition for Writ of Habeas Corpus

On May 20, 2015, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 asserting the following grounds for relief: (1) "'[a]ttempting to commit a crime of words'— agreeing or offering pursuant to [Ariz. Rev. Stat.] §§ 13-001, 13-3211(5), and 13-3212 — from another state — is not a cognizable crime" (Ground One); (2) his Sixth Amendment rights were violated because he was convicted based on conduct that is not prohibited by Ariz. Rev. Stat.§ 13-3212(A)(8) (Ground Two); (3) the State violated the Fourteenth Amendment by not presenting sufficient evidence to support his conviction (Ground Three); (4) appellate counsel was ineffective for failing to argue that: (a) attempting to commit a crime of words is not a cognizable crime; (b) Petitioner was convicted based on conduct not prohibited by statute; (c) the State presented insufficient evidence to support the conviction; (d) Petitioner was improperly convicted and sentenced of a dangerous crime against children; and (e) the trial court

gave an instruction that included an incorrect definition of attempt (Ground Four); (5) his Sixth and Fourteenth Amendment rights were violated when he was convicted of a dangerous crime against children because the victim was an adult undercover agent who pretended to be a minor (Ground Five); (6) the "State's use of a constructive waiver theory, which was read into Rule 32.2(A)(3) and used to dismiss [his] PCR of right and later successive PCR petition in order to procedurally bar him from raising claims not raised on direct appeal, is an unconstitutional abridgement of his constitutional right to federal habeas corpus review" (Ground Six); and (7) the "statute defining an 'attempt' which was submitted to the jury . . . was substantially different than that in effect at the date of the alleged crime" (Ground Seven). (Doc. 1 at 18-41; Doc. 1-1 at 1-4.)

As set forth below, the petition includes exhausted and unexhausted claims. Therefore, the Court recommends that this proceeding be stayed and that the petition be held in abeyance while Petitioner exhaust his unexhausted claims asserted in Ground Five.

**II.  Exhaustion of State Remedies**

Before the federal court may grant habeas corpus relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  A petitioner has not exhausted state court remedies if he has a state appeal or post-conviction proceeding pending at the time he files a petition for writ of habeas corpus in federal court.  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (dismissing habeas corpus petition as prematurely filed when appeal of conviction was pending); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (stating that state prisoner had not exhausted state remedies where post-conviction proceeding was pending in state courts); *Martineau v. Elliot*, 2008 WL 3582811, at *1 (D. Ariz., Aug. 13, 2008) (dismissing habeas corpus petition as premature when the petitioner had a post-conviction petition pending in the state court).

Respondents state that Petitioner properly exhausted the claims asserted in Grounds One, Two, Three, Four(b), and Four(c) because he presented them to the

Arizona trial and appellate court during his first post-conviction proceeding, and the state courts ruled on those claims. (Doc. 19 at 5; Exs. H, L, M.) Accordingly, those claims are properly before the Court. Respondents assert that Grounds Four(a), (d), (e), and Grounds Six and Seven are technically exhausted and barred from federal habeas corpus review because Petitioner did not present those claims to the Arizona Court of Appeals, and Arizona law would not allow the presentation of those claims in a successive post-conviction proceeding. (Doc. 19 at 6 (citing Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a), (b).)

Finally, Respondents state that Plaintiff is still attempting to exhaust the claims asserted in Ground Five. (Doc. 19 at 6.) As Petitioner acknowledges in his petition (Doc. 1 at 10, 34-37; Doc. 1-1 at 5), he raised Ground Five in his second post-conviction proceeding. (Doc. 19, Ex. N.) The trial court found the second post-conviction proceeding untimely, and dismissed it on procedural grounds after determining that Rule 32.1(h) did not excuse the untimeliness. (Doc. 19, Ex. O.) Petitioner appealed that ruling by filing a petition for review with the Arizona Court of Appeals, which remains pending. (Doc. 19, Exs. R, U.) Accordingly, Petitioner has not exhausted his state remedies on the claims asserted in Ground Five. *See Sherwood*, 716 F.2d at 634. Therefore, the Court concludes that the petition contains both exhausted and unexhausted claims and is a mixed petition.[1]

### III. Mixed Petitions

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." *Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013) (per curiam) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). Instead, a court presented with a "mixed petition" must seek clarification from the petitioner regarding whether he wants to amend his petition to delete the unexhausted claims. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014) (per curiam) (a

---

[1] Although it appears that Grounds Four(a), (d), (e), and Grounds Six and Seven may be technically exhausted and barred from federal habeas corpus review, the Court does not need to resolve this issue for purposes of the current Report and Recommendation. Rather, the Court reserves resolution of this issue until after the petition is fully briefed.

- 5 -

petitioner who presents both exhausted and unexhausted claims "must be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims"). In the motion for clarification, Respondents request that the Court direct Petitioner to clarify whether he wants to delete Ground Five from his Petition. (Doc. 19.) Petitioner's response to that motion indicates that he wants to proceed on all claims in the petition. (Doc. 20.) Thus, his petition will remain a mixed petition.

"Federal courts must dismiss habeas petitions that contain both exhausted and unexhausted claims, *Rose v. Lundy*, [455 U.S. 509, 522] (1982), unless a petitioner requests a stay and abeyance of his mixed petition that satisfies the requirements of *Rhines v. Weber*, [544 U.S. 269] (2005)." *Butler*, 752 F.3d at 1180. Petitioner requests a stay of his petition. (Doc. 20.) Under *Rhines v. Weber*, 544 U.S. 256 (2005), a district court has limited discretion to hold in abeyance a habeas petition containing both exhausted and unexhausted claims (a mixed petition) to allow a petitioner to exhaust his claims while the federal proceedings are stayed. *Rhines*, 544 U.S. at 277. Stay and abeyance are appropriate only when (1) there is good cause for petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics. *Id.* at 277-278.

In *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005), the Supreme Court, in dicta, stated that petitioners who are "reasonably confused" about their state's timeliness rules may file "protective" petitions in federal court and ask the court to stay and abey the federal habeas corpus proceedings under *Rhines* until the state remedies are exhausted. *Id.* at 416. The Court explained that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278).

Respondents do not oppose the application of the stay and abey procedure in this case. (Doc. 19 at 11.) However, they do not concede that Petitioner's unexhausted claims asserted in Ground Five have merit. (*Id.*) Rather, they note that if the Court

dismisses the petition in its entirety, Petitioner will likely be time-barred from asserting his claims in a subsequent § 2254 petition. As discussed below, the pending petition is timely filed. However, a future petition raising the claims asserted in the petition would be untimely. Therefore, the Court recommends that this matter be stayed while Petitioner exhausts Ground Five.

**IV.   The AEDPA Limitations Period**

The Anti-terrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). That period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An untimely application for post-conviction relief is not properly filed and does not toll the limitations period. *See Pace,* 544 U.S. at 414 (When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244 (d)(2)."); *see also Allen v. Siebert*, 552 U.S. 3, 7 (2007) (an untimely petition for post-conviction relief was not "properly filed" for purposes of tolling the AEDPA limitations period).

On July 21, 2011, the Arizona Court of Appeals issued its decision on direct review. (Doc. 19, Ex. C.) Petitioner filed a petition for review with the Arizona Supreme Court, which was denied on January 4, 2012. (*Id.*) Thus, his conviction did not become final until ninety days later — on April 3, 2012 — upon the expiration of the time for filing a petition for writ of certiorari in the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A) (providing AEDPA statute of limitations begins "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007)

(concluding "AEDPA's statute of limitations did not begin to run until 90 days after the Arizona Supreme Court denied [the petitioner's] petition for review").

Petitioner, however, filed his first notice of post-conviction relief on November 14, 2011, before his conviction became final. (Doc. 19, Ex. D.) That notice tolled the AEDPA's one-year statute of limitation before it started to run. *See* 28 U.S.C. § 2244(d)(2); *Isley v. Ariz. Dep't of Corrs*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) (finding statutory tolling for Arizona cases begins on the date a notice of post-conviction relief is filed). Petitioner's first post-conviction proceeding was pending, and tolled the AEDPA's statute of limitations, until November 5, 2014, when the appellate court issued the mandate after it granted review, but denied relief. *See Celaya v. Stewart*, 691 F. Supp. 2d 1046, 1055 (D. Ariz. 2010), *aff'd* 497 Fed. App'x 744 (9th Cir. 2012) (under Arizona law, an appellate court decision is pending until the mandate issues); *Baker v. Ryan*, 2015 WL 997801, at *6 (D. Ariz. Mar. 6, 2015) ("In Arizona, when the court of appeals grants review of a petition, but denies the petition, direct review is not final until the mandate has issued."). Therefore, the statute of limitations began running the next day and expired one year later on November 5, 2015.

Although Petitioner commenced a second post-conviction proceeding (Doc. 19, Ex. N), that proceeding did not toll the limitations period because it was untimely filed. (Doc. 19, Ex. O.) The AEDPA's one-year limitations period is tolled for the time "during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). However, a state petition that is not filed in accordance with the state's required time limit is not "properly filed" and, therefore, does not toll the statute of limitations. *See Pace*, 544 U.S. at 414; *Allen*, 552 U.S. at 7 (finding petitioner "was not entitled to tolling of AEDPA's 1-year statute of limitations" because his "petition for state post-conviction relief was rejected as untimely by the Alabama courts"). "Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily

- 8 -

tolled." *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005), *amended by* 439 F.3d 993 (9th Cir. 2005) (correcting footnote six).

Therefore, unless the Arizona Court of Appeals (or the Arizona Supreme Court, if Petitioner seeks further review) finds that the second post-conviction proceeding was timely, Petitioner will not be entitled to statutory tolling for the second post-conviction proceeding. Consequently, if the Court dismisses the petition without prejudice while Petitioner continues to exhaust Ground Five in state court, Petitioner would likely be time barred from bringing another habeas petition in federal court because the AEDPA's one-year statute of limitations period expired on November 5, 2015. *See Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("[A] habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition."); *see also Duncan v. Walker*, 533 U.S. 167, 181 (2001) (holding that the statute of limitations period was not tolled while the petitioner's first federal habeas petition was pending in federal court).

**V.     Conclusion**

Therefore, it is recommended that this proceeding be stayed and held in abeyance while Petitioner exhausts Ground Five in state court.

Accordingly,

**IT IS RECOMMENDED** that Respondents' Motion to Stay Answer Deadline (Doc. 19) and Petitioner's Motion to Stay (Doc. 20) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Respondents' Motion for Clarification (Doc. 19) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that if the district judge adopts the Report and Recommendation, no later than thirty days after the date of service of the district judge's order adopting this Report and Recommendation, Respondent must inform the Court of the status of Petitioner's proceeding in state court. Petitioner must diligently pursue his state remedies. Every ninety days after the filing of the initial status report, Respondent must file a report regarding the status of the state court proceedings.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Rules of Federal Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 8th day of December, 2015.

_____
Bridget S. Bade
United States Magistrate Judge