WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dell Rainbow Vanderschuit,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>              Respondents. | No. CV-15-00915-PHX-JAT (BSB)<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1). The Court directed Respondents to answer the petition and subsequently extended the answer deadline to December 7, 2015. (Doc. 8). On December 3, 2015, Respondents filed a motion for clarification and to stay the answer deadline. (Doc. 19). Respondents' asked the Court to order Petitioner to clarify whether (1) he wants to delete his unexhausted claim, Ground Five, from his petition, or (2) to pursue habeas corpus relief on all seven grounds in the petition and ask the Court to stay the § 2254 proceeding and hold the petition in abeyance while he exhausts Ground Five. (*Id.* at 11). Petitioner responded to Respondents' motion and requested the Court stay the proceeding. (Doc. 20).

The Magistrate Judge to whom this case is assigned issued a Report and Recommendation (R&R) recommending that Respondents' motion to stay, (Doc. 19), and Petitioner's motion to stay, (Doc. 20), be granted. Subsequently, Petitioner filed a motion to strike his motion requesting the Court to stay the proceeding. (Doc. 23).

Petitioner also filed a "motion" to clarify,[1] (Doc. 24), and an objection to the Magistrate Judge's R&R. (Doc. 25). The Court now rules on the motions.

In Petitioner's motion to strike his prior motion to stay the proceeding, he stated, "he did not know that his request for a stay would result in the dismissal without prejudice of his habeas petition while he continued to exhaust Ground 5 in State court, nor that in doing so he would be forever barred from bringing another habeas petition in Federal Court." (Doc. 23). Petitioner seemingly misunderstood the Magistrate Judge's R&R. To stay and hold Petitioner's habeas proceeding in abeyance does not mean that the habeas petition is dismissed without prejudice. Rather, to stay and hold Petitioner's habeas proceeding in abeyance means that the Court will suspend any judgment one way or the other (neither granting nor dismissing) the habeas petition until his post-conviction claims in state court are complete.

Because Petitioner's Ground Five claim of his habeas petition has not been exhausted in state court and is still pending before the Arizona Court of Appeals, (Doc. 19, Exs. R, U), this Court cannot adjudicate the habeas petition. *See Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013). The Court's granting of the stay of the habeas petition will not result in Petitioner being "forever barred from bringing [his] habeas petition in Federal Court." (Doc. 23 at 1). Instead, the Magistrate Judge remarked that Petitioner would likely be time barred from bringing any new habeas petition in federal court in the future, apart from the current petition, because of the AEDPA statute of limitations. (Doc. 21 at 7–8; 28 U.S.C. § 2244(d)(1)). This is not to say that the Court is dismissing Petitioner's current habeas petition. Petitioner is not at a disadvantage as a result of the Court ordering the stay and abeyance of his habeas proceeding; it only means that this Court will wait to rule on his petition until his state court remedies are exhausted.

Based on the foregoing,

---

[1] Petitioner's "motion" to clarify entailed notice of forthcoming objection to the Magistrate Judge's R&R as well as notice of Petitioner's physical location and his means of available communication with the Court.

**IT IS ORDERED** that Petitioner's Motion to Clarify, (Doc. 24), is reclassified as a Notice to the Court.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (Doc. 21), is accepted and adopted, hereby granting Respondents' Motion to Stay, (Doc. 19), and Petitioner's Motion to Stay. (Doc. 20). Accordingly, Petitioner's Petition for Writ of Habeas Corpus is stayed and held in abeyance until Petitioner's Ground Five claims are exhausted in state court.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Strike Prior Motion and to Grant Leave to File an Amended Habeas Petition, (Doc. 23), is **DENIED**. Petitioner's objections to the Magistrate Judge's R&R, (Doc. 25), are overruled.

**IT IS FURTHER ORDERED** that this case is still referred to the Magistrate Judge for further proceedings.

**IT IS FURTHER ORDERED** that within thirty days after the date of this Order, Respondents must inform the Court of the status of Petitioner's proceeding in state court. Petitioner must diligently pursue his state remedies. Every ninety days after the filing of the initial status report, Respondents must file a report regarding the status of the state court proceedings.

Dated this 18th day of February, 2016.

James A. Teilborg
Senior United States District Judge