WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dell Rainbow Vanderschuit,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-15-00915-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be denied. (Doc. 44). Petitioner filed objections to the R&R. (Doc. 53).

**I.  Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

[Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

## II.   Petition

The Petition in this case raises 7 claims of relief. Claim 4 has 5 sub-parts. The R&R finds that only subparts (a), (b), and (c) of claim 4 were exhausted in state court. The R&R finds that claims 1, 5, and 6 are state law claims that are not cognizable on habeas. The R&R also finds that claims 1, 2, 3, 5, 6, and 7 are subject to a procedural bar. The R&R also finds that claims 4(d) and 4(e) are subject to a procedural bar.

The R&R recounts the factual and procedural background of this case at pages 1 - 5. Neither party has objected to this recounting. Accordingly, the Court accepts and adopts it.

### A.   Claims 4(a), 4(b), and 4(c)

Claim 4 presents 5 theories of ineffective assistance of appellate counsel: specifically, appellate counsel was ineffective for failing to argue on direct appeal: a) that attempting to commit a crime of words is not a crime under Arizona law; b) Petitioner was convicted of conduct not prohibited by statute because the court gave the jury an instruction that included an incorrect definition of prostitution; c) the state did not present sufficient evidence to support Petitioner's conviction for attempted child prostitution; d) that Petitioner's conviction was improperly determined to be a dangerous crime against children;[1] and e) that the trial court gave an incorrect definition of attempt.[2]  (R&R at 27, 14).   As indicated above, the R&R concludes that claims 4(a), 4(b), and 4(c) were

---

[1] Claim 5 is Petitioner's claim that his conviction was improperly determined to be a dangerous crime against children.

[2] Claim 7 is Petitioner's claim that the trial court gave an incorrect definition of attempt.

- 2 -

exhausted in state court.

As to any claims that were exhausted in state court, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[3] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

On post-conviction relief in state court, Petitioner argued that appellate counsel was ineffective for not raising claims a, b, and c on direct appeal. This Court agrees with the R&R that the state court's finding that appellate counsel was not ineffective for not raising claims a, b, and c on direct appeal was not contrary to or an unreasonable application of federal law, nor was it an unreasonable determination of the facts. (*See* Doc. 44 at 27-32).

In his objections, (*see e.g.* Doc. 53 at 37), Petitioner argues that appellate counsel was ineffective for not raising all of these issues. However, Petitioner has failed to show that the state court's decision on ground 4(a), 4(b), or 4(c) was contrary to or an unreasonable application of federal law, or an unreasonable determination of the facts. Accordingly, Petitioner's objections as to these 3 sub-parts are overruled.

**B.     Claims 1, 5, and 6**

The R&R concludes that claims 1, 5, and 6 are all state law claims that are not cognizable in a federal habeas petition. This Court agrees.

---

[3] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Carey v. Musladin,* 549 U.S. 70, 74 (2006).

Specifically, in claim 1 Petitioner argues that he cannot be guilty of attempt under A.R.S. § 13-3212(A)(8) because his conduct does not meet the definitions under A.R.S. § 13-3211 and A.R.S. § 13-1001. (Doc. 44 at 6). Petitioner's global objection that his conviction implicates a "larger constitutional issue" does not change the fact that claim 1 presents solely a state law issue that is not cognizable on federal habeas. (*See* Doc. 53 at 11-16). Accordingly, the objection is overruled and the R&R's recommendation to reject this claim as not cognizable on habeas is accepted.

As to claim 5, Petitioner raises a claim as to what constitutes a dangerous crime against children under Arizona law. (Doc. 44 at 8-9). The R&R concludes that, even if Petitioner were correct, an error in the application of the state law sentencing scheme is not cognizable as a federal habeas claim. (*Id*. at 9). This Court agrees. Petitioner's global objection that his conviction implicates a "larger constitutional issue" does not change the fact that claim 5 presents solely a state law issue that is not cognizable on federal habeas. (*See* Doc. 53 at 11-16). Accordingly, the objection is overruled and the R&R's recommendation to reject this claim as not cognizable on habeas is accepted.

As to claim 6, Petitioner raises a claim based on the state court's rejection on post-conviction relief on procedural grounds of certain claims he attempted to raise in his post-conviction relief petition. (Doc. 44 at 9). In other words, Petitioner claims that the state court committed a procedural error in how they reviewed his post-conviction relief petition. (*Id*.). The R&R concludes that procedural errors that may have been committed by the state court during a post-conviction relief proceeding are not cognizable as a federal habeas claim. (*Id*. at 9-10). This Court agrees.

Petitioner objects to the entire state court system whereby he must raise his claims of error on direct appeal, and not save them to raise for the first time in a post-conviction relief proceeding. (Doc. 53 at 25-36). This objection does not change the fact that claim 6 raises only a state law procedural issue that is not a cognizable federal habeas claim. Accordingly, the objection is overruled and the R&R's recommendation to reject this claim as not cognizable on habeas is accepted.

- 4 -

**C. Claims 1, 2, 3, 4(d), 4(e), 5, 6 and 7**

The R&R concludes that claims 1, 2, 3, 4(d), 4(e), 5, 6, and 7 are all procedurally barred (Doc. 44 at 11) because Petitioner did not exhaust them in state court. This Court agrees.[4] Thus, this Court can only consider the merits of these claims if Petitioner can overcome this procedural bar.

**1. Claims 1, 2, and 3**

Petitioner raised claims 1, 2 and 3 in his first post-conviction relief proceeding in state court. (Doc. 44 at 13). Relief on these claims was denied on procedural grounds because Petitioner was required to raise these claims in his direct appeal. (*Id.*). The R&R concludes that Petitioner cannot show cause and prejudice or fundamental miscarriage of justice to overcome this procedural default. (*Id.* at 15-17). The Court accepts the R&R's findings and conclusions that Petitioner has defaulted his claims.

The R&R next addresses whether Petitioner's claim of ineffective assistance of appellate counsel (for not raising these claims) can serve as "cause" to overcome this default. (*Id.* at 17-19). In deciding the first post-conviction relief petition, the state court analyzed whether Petitioner's appellate counsel was ineffective for failing to present claims 1, 2 and 3 on direct appeal. (*Id.* at 18). As the R&R notes, the state appellate court in considering the post-conviction relief petition found that appellate counsel was not ineffective because appellate counsel was not required to raise every possible claim on appeal and appellate counsel did not perform deficiently by narrowing the issues on appeal. (*Id.* at 18). Moreover the state court of appeals found that claims 1, 2 and 3 lacked merit; thus, appellate counsel was not ineffective for not raising meritless claims. (*Id.*).

Petitioner makes a global objection to the concept of procedural default premised on Petitioner's objection to the state court's Rule 32 post-conviction-relief process as a whole. (Doc. 20 at 20-29). The Court overrules this objection for the reasons stated in the discussion of claim 6 below. (Claim 6 is a challenge to the state court's Rule 32 post-

---

[4] As to claims 1, 5 and 6 this is an alternative basis for this Court's decision.

- 5 -

conviction relief system).

The Court agrees with the state court of appeals' analysis and finds that appellate counsel was not ineffective and therefore appellate counsel's performance cannot be cause to overcome Petitioner's failure to exhaust claims 1, 2, and 3. Accordingly, the Court will not reach the merits of these claims because they are subject to a procedural bar.

### 2. Claims 5 and 7

The R&R notes that Petitioner argues that his failure to exhaust claims 5 and 7 in state court was also due to the ineffectiveness of his appellate counsel. (Doc. 44 at 19). The R&R then concludes that because Petitioner did not exhaust this theory of ineffective assistance of appellate counsel in state court, this Count cannot consider such alleged ineffectiveness as cause to overcome the failure to exhaust the merits of claims 5 and 7. (Doc. 44); *see Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000) (holding that claims of ineffective assistance of counsel must be exhausted to serve as cause to overcome a failure to exhaust the substance of the claim).

Petitioner makes a global objection to the concept of procedural default premised on Petitioner's objection to the state court's Rule 32 requirements. (Doc. 20 at 20-29). The Court overrules this objection for the reasons stated in the discussion of claim 6 below. Accordingly, claims 5 and 7 are subject to a procedural bar and this Court will not consider them on the merits.

### 3. Claims 4(d) and 4(e)

Claims 4(d) and 4(e) are Petitioner's claims that appellate counsel was ineffective for failing to raise claims 5 and 7 on direct appeal. (Doc. 44 at 19). The R&R concludes that these claims were not exhausted in the state courts, and therefore, cannot be considered on the merits by this Court. (Doc. 44 at 19-20). In his objections at pages 23-28, Petitioner argues that appellate counsel was in fact ineffective and that the state system of requiring appellate counsel to raise claims of error on direct appeal or such claims will be waived is unfair. (Doc. 53 at 23-28). Neither of these arguments

addresses that theories 4(d) and 4(e) of ineffective assistance of counsel were not presented to the state courts and are now procedurally barred. Accordingly, the Court accepts the R&R and will not reach the merits of these claims.[5]

### 4. Claim 6

Finally, in claim 6 Petitioner challenges the state court's post-conviction relief rules that preclude certain claims from consideration on post-conviction relief if they were not presented on direct appeal. (Doc. 44 at 20). Generally, Petitioner complains that the state's requirement that certain claims be raised on direct appeal or be barred is unfair because appellate counsel determined what to raise on direct appeal and he should not be limited by appellate counsel's decisions. (Doc. 44 at 21). The R&R concludes that neither the state's procedural rules nor the alleged ineffective assistance of appellate counsel are cause to overcome Petitioner's failure to exhaust a challenge to the state rule 32 (post-conviction-relief proceedings) in state court. (Doc. 44 at 21-22).

Petitioner objects[6] to this conclusion and argues that the state courts do not routinely apply state Rule 32; therefore, it is not adequate and independent. (Doc. 53 at 26-27). However, none of the cases cited by Petitioner show that Arizona does not routinely apply Rule 32. Accordingly, this objection is overruled.

Next, Petitioner objects and argues that state rule 32 is unfair because, Petitioner claims, his waiver of his right to bring claims via a post-conviction relief petition because his appellate counsel did not raise them on direct appeal was not a knowing, voluntary

---

[5] The Court notes that in certain circumstances a petitioner's failure to exhaust a claim of ineffective assistance of trial counsel, or failure to exhaust a claim of ineffective assistance of appellate counsel, can be excused if the failure was based on the ineffective assistance of post-conviction relief counsel (and certain other requirements are met). *See Nguyen v. Curry*, 736 F.3d 1287, 1295-96 (9th Cir. 2013). In this case, Petitioner has made no argument that post-conviction relief counsel was ineffective and the Court has not considered this basis to excuse default.

[6] In his objections, Petitioner is not clear whether he is asserting this claim solely as a basis for cause to overcome his procedural default of other claims; or whether it is a free standing constitutional challenge to the state court's Rule 32 proceedings. The Court has treated this claim as both. The Court does not see that this theory was presented as a constitutional challenge to the state courts.

and intelligent waiver. (Doc. 53 at 27-28). However, unlike a plea, Petitioner does not have to consent to every argument counsel makes or does not make on Petitioner's behalf. *See Morris v. California*, 966 F.2d 448, 456 (9th Cir. 1991) (holding that tactical decisions with which the defendant disagrees cannot be the basis for an ineffective assistance of counsel claim). Accordingly, this objection is also overruled.

Finally, Petitioner disagrees with both the state court and the R&R's conclusions that Petitioner's state appellate counsel's decision to raise some claims, but not other claims, on direct appeal was a reasonable strategic decision and was not ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). (Doc. 53 at 36-38). This Court has reviewed the claims raised and not raised and finds that counsel's decisions were reasonable strategic decisions and those decisions were not ineffective under *Strickland*; and as to the three theories of ineffective assistance presented to the state appellate court, the state court's decision that counsel's strategy was not ineffective was not contrary to nor an unreasonable application of federal law, nor an unreasonable determination of the facts. Thus, this objection is also overruled and relief as to claim 6 is denied because it is procedurally barred, or alternatively, fails on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the motion to supplement (Doc. 54) is granted to the limited extent that the Court considered the attentional documents filed on November 23, 2016.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 44) is accepted. The objections (Doc. 53) are overruled. The Clerk of the Court shall enter judgment denying and dismissing the Petition, with prejudice.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing

Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of portions of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 21st day of December, 2016.

_____
James A. Teilborg
Senior United States District Judge