WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dell Rainbow Vanderschuit, | No. CV-15-00915-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before this Court is Petitioner's motion for reconsideration of this Court's denial of his request for a certificate of appealability. Petitioner makes several arguments in support of this motion.

First, Petitioner objects that this Court addressed the certificate of appealability in the order on the merits, rather than by separate motion. (Doc. 59 at 2). This argument fails because, based on a 2009 amendment to the Rules Governing Section 2254 Proceedings for the United States District Courts, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a). Therefore, Petitioner's request for reconsideration on this basis is denied.

Second, Petitioner objects to this Court having adopted the R&R's recounting of the factual and procedural background of Petitioner's state court case as unobjected to by either party. Instead, Petitioner argues he objected to "both fact and law". (Doc. 59 at 4). However, in neither his original objections nor his motion for reconsideration does Petitioner point to a single factual error he has identified in the R&R. Instead, Petitioner

argues that the undisputed facts should not result in him being guilty of a crime; but he never argues that the facts, as recounted by the R&R, are inaccurate. Therefore, this basis for reconsideration is denied.

Third, Petitioner takes issue with his failure to raise certain arguments on direct appeal resulting in a waiver of those claims in state court. (Doc. 59 at 5-13). This Court addressed and rejected this argument in the Order on the merits of Petitioner's petition. (Doc. 55 at 7-8). Nothing in Petitioner's motion for reconsideration justifies the Court reconsidering this decision.[1] Thus, for the reasons stated in this Court's December 21, 2016 Order, the motion for reconsideration on this basis is denied.

Fourth and finally, Petitioner seeks reconsideration based on his general belief that he cannot be guilty of the crime of attempt if he does not complete the ultimate crime (in this case attempted child prostitution). (Doc. 59 at 15-17). To the extent this argument was properly before this Court, this Court addressed it (either as a claimed error of state law or a claim of ineffective assistance of counsel) in the December 21, 2016 Order. (Doc. 55). Nothing in Petitioner's motion for reconsideration justifies reconsideration of this decision.[2] Accordingly, reconsideration on this basis is denied.

For the reasons stated above, the Court is not persuaded to reconsider the denial of a certificate of appealability in this case. Therefore,

**IT IS ORDERED** that Petitioner's motion for reconsideration of this Court's denial of a certificate of appealability (Doc. 59) is denied.

Dated this 6th day of February, 2017.

_____
James A. Teilborg
Senior United States District Judge

---

[1] "A Rule 59 motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 343 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)(en banc)). Nothing in Petitioner's motion for reconsideration meets any of these tests.

[2] *See* footnote 1.